An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK L. GARNER, INDIVIDUALLY, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CAROLE L. GARNER, DECEASED AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF BOBBY JOHN GARNER, DECEASED; STEVEN G. GARNER; RHONDA V. SCHWANTES; AND AARON K. GARNER,
Appellants,
vs.
NC-DSH, INC., A NEVADA CORPORATION D/B/A VALLEY HOSPITAL MEDICAL CENTER,
Respondent.

No. 59788

FILED

SEP 2 0 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellants filed a complaint against respondent alleging damages for the death of Bobby Garner based on alleged medical malpractice by respondent in failing to place Mr. Garner on telemetry cardiac monitoring after testing. Respondent filed a motion for summary judgment after the close of discovery, arguing that appellants' nurse expert witness was not qualified to testify as to medical causation. The district court granted summary judgment in respondent's favor, and this appeal followed.

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary

13·28050

judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* "[D]istrict courts have wide discretion, within the parameters of NRS 50.275 . . . to evaluate the admissibility of expert testimony." *Williams v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 360, 366 (2011) (internal quotation omitted); *Higgs v. State*, 126 Nev. ___, ___, 222 P.3d 648, 658 (2010).

Having considered the parties arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. This court has held that the proper measure for evaluating whether a witness can testify as an expert is "whether that witness possesses the skill, knowledge, or experience necessary to [testify]." *Staccato v. Valley Hosp.*, 123 Nev. 526, 527, 170 P.3d 503, 504 (2007). This court has also recognized several nonexhaustive factors to assess whether an expert witness is appropriately qualified to testify under NRS 50.275: "(1) formal schooling and academic degrees, (2) licensure, (3) employment experience, and (4) practical experience and specialized training." *Hallmark v. Eldridge*, 124 Nev. 492, 499, 189 P.3d 646, 650-51 (2008).

Although this court declined to per se preclude nurses from testifying as to medical causation in *Williams*, we stated that whether a nurse could testify as to medical causation "depends upon a case-by-case examination of a nurse's actual skill, knowledge, experience, or training that is gained through practicing . . . [his or] her profession." *Williams*, 127 Nev. at ___, 262 P.3d at 366-67. This court held in *Williams* that a nurse, who had extensive experience in cleaning and disinfecting

endoscopy equipment but no experience in diagnosing the cause of hepatitis C, was not qualified to testify as to medical causation as he did not possess the requisite skill, knowledge, or experience regarding the medical cause of hepatitis C transmission. *Id.* at ___, 262 P.3d at 367.

Here appellants provided evidence in opposition to respondent's summary judgment motion that their expert witness has experience as a registered nurse in cardiac care. Appellants did not provide any evidence or argument that showed that their nurse expert possessed the requisite skill, knowledge, or experience to diagnose cardiac injuries, like the one alleged to have been suffered by Mr. Garner, or to testify to Mr. Garner's chances of survival if he had been placed on telemetry at the time of his heart attack. The district court therefore did not err in finding that appellants' nurse expert witness was not qualified to render medical causation testimony as to Mr. Garner's death or testimony regarding his chance of survival. NRCP 56(e); *Williams*, 127 Nev. at ___, 262 P.3d at 366-67. As NRS 41A.100 requires proof of causation in order for liability for personal injury or death to be imposed on a provider of medical care, the district court did not err in granting summary judgment in respondent's favor. *Wood*, 121 Nev. at 731, 121 P.3d at 1030-31. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Elissa F. Cadish, District Judge
Stephen E. Haberfeld, Settlement Judge
Cliff W. Marcek
Hall Prangle & Schoonveld, LLC/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A